UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR HARDY,

          Plaintiff,

-against-

MELISSA MOURGES,

          Defendant.

24-CV-2102 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who currently is incarcerated at Central New York Psychiatric Center in Marcy, New York, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Assistant District Attorney ("ADA") Melissa Mourges of the Manhattan District Attorney's Office violated his rights during his civil commitment proceedings. Plaintiff initially filed this action in the United States District Court for the Eastern District of New York, and that court transferred the action to this District on March 30, 2024. By order dated February 22, 2024, the Eastern District of New York granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

    As discussed below, the Court dismisses Plaintiff's claims because Plaintiff seeks monetary relief against a defendant who is immune from such relief.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

Plaintiff brings this action against ADA Morgues regarding her involvement in Plaintiff's civil commitment proceedings, which were initiated under article 10 of the Mental Hygiene Law ("MHL"). MHL article 10 provides "a statutory scheme prescribing the procedures to be followed with respect to convicted sex offenders that might require civil commitment or supervision following completion of their prison terms." *Roache v. Att'y Gen.'s Off.*, 12-CV-1034, 2013 WL 5503151, at *7 (N.D.N.Y. Sept. 30, 2013) (adopting report and recommendation). Plaintiff contends that Morgues, who Plaintiff alleges was the prosecuting attorney in his underlying criminal proceedings and participated in his MHL article 10 civil commitment proceedings, exhibited a "meanspirited vendetta . . . which le[]d to [an] article 10 qualifying offense." (ECF 1, at 4.) Plaintiff currently is incarcerated pursuant to a finding following his MHL article 10 civil commitment proceedings. He seeks money damages from ADA Morgues.

Plaintiff's claims are barred under the doctrine of prosecutorial immunity. Under this doctrine, prosecutors are absolutely immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409,

430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). This absolute prosecutorial immunity has been extended to government attorneys involved in administrative proceedings. *See Butz v. Economou*, 438 U.S. 478, 512-13 (1978) ("We think that adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suit for damages."); *Cornejo v. Bell*, 592 F.3d 121, 127-28 (2d Cir. 2010) ("Prosecutorial immunity is extended to government attorneys who initiate civil suits or administrative proceedings.").

District courts have applied the doctrine of absolute prosecutorial immunity to government attorneys involved in MHL article 10 civil commitment proceedings. *See, e.g.*, *Rodriguez v. Schneiderman*, No. 13-CV-0574, 2014 WL 2510754, at *8 (N.D.N.Y. June 4, 2014) ("An agency official who decides to institute administrative proceeding is entitled to prosecutorial immunity[.]"); *Roach*, 2013 WL 5503151, at *14 ("The allegations against each of [the defendants] are based on their conduct in advocating for the State of New York in their capacities as prosecutors. Accordingly, they are entitled to absolute immunity from suit for damages.").

Here, Plaintiff's claims against ADA Morgues are based on actions within the scope of her role in Plaintiff's MHL article 10 civil commitment proceedings. Accordingly, this defendant is entitled to absolute immunity from this lawsuit. The claims are therefore dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it

arises from conduct that is "intimately associated with the judicial phase of the criminal process").

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## SUPPLEMENTAL JURISDICTION

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

The Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

All pending motions in this action are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   May 23, 2024
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge